IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ETHAN SHIPLER, *et. al.*,
Plaintiffs,

                  Civil No. JFM 08-2057

v.

KEVIN M. MAXWELL, *et. al.*,
Defendants.

MEMORANDUM

  In the opinion I issued on July 23, 2009, I found that Ethan Shipler ("Ethan") and his parents, Jonathan and Glynis Shipler ("the Shiplers"), (collectively "Plaintiffs") (1) failed to comply with the notice provision of the Individuals with Disabilities Act ("IDEA"); (2) should not be reimbursed for tuition expenses prior to the date on which they provided notice, December 14, 2007; and (3) might be entitled to reimbursement for expenses incurred after December 14, 2007, at the discretion of an ALJ. *Shipler v. Maxwell*, Civil No. JFM 08-2057, 2009 WL 2230026, *6-7 (D. Md.). Kevin M. Maxwell, the superintendent of Anne Arundel County Public Schools ("AACPS"), and the Anne Arundel County Board of Education (collectively "Defendants") have filed a motion for reconsideration of the third part of my ruling, arguing that Plaintiffs should be barred from reimbursement for the entire 2007-2008 school year and that remand to an ALJ is therefore unnecessary. (Def's. Mem. at 2.) For the reasons that follow, the motion is denied.

I. Background[1]

  Only a limited recitation of facts is necessary for consideration of the present motion. Ethan has been diagnosed with profound oral and motor delays. To accommodate Ethan's disability in his public school kindergarten class, the Shiplers and AACPS developed and implemented an Individualized Educational Program ("IEP") for him. After the 2006-2007 school year, the Shiplers were dissatisfied with the IEP and on June 15, 2007 enrolled Ethan at a

---

[1] The facts of this case are largely undisputed and, unless otherwise noted, have been drawn primarily from the earlier case. *See Shipler*, 2009 WL 2230026 at *1-*7.

private school for the 2007-2008 school year.  They did not provide notice to AACPS of their intent to seek reimbursement until December 14, 2007, several months after Ethan began attending the private school.

An ALJ found that Plaintiffs failed to provide AACPS with the notice required by the IDEA and declined to award reimbursement.  *See* 20 U.S.C. § 1412(a)(10)(C)(iii).  The Shiplers filed a motion for reconsideration, which was also denied, and then appealed the ALJ's decision to this court.  As indicated in my earlier opinion, I agree with the ALJ that the Shiplers failed to provide notice prior to removing Ethan from public school.  I reasoned, however, that it was counter to the purpose of the IDEA to permanently absolve the school system of its responsibility for a disabled child based upon a single procedural failure by the child's parents.  Consequently, I remanded the issue of whether reimbursement might be appropriate for expenses incurred after December 14, 2007 and instructed the ALJ to determine if "both . . . the public placement violated IDEA and . . . the private school placement was proper under the Act."

Defendants now argue that remand is inappropriate because the Shiplers forfeited their claim to reimbursement for the entire school year by failing to provide timely notice.  (Defs'. Mem. at 2.)  Plaintiffs counter that Defendants' reading of the statute is incorrect and that reimbursement is discretionary, so the ALJ should consider their reimbursement claim.  (Pl's. Opp. at 2-3.)

II.  Analysis

The issue before me is whether failure to provide the notice required by the IDEA bars Plaintiffs from recovering reimbursement for the entire school year as a matter of law.  Under the statute, reimbursement "may be reduced or denied" if:

> (aa) at the most recent IEP meeting that the parents attended *prior to removal of the child from the public school*, the parents did not inform the IEP Team that they were rejecting the placement proposed by the public agency to provide a free appropriate public education to their child, including stating their concerns and their intent to enroll their child in a private school at public expense; or

> (bb) 10 business days . . . *prior to removal of the child from public school*, the parents did not give written notice to the public agency of the information described in item (aa).

20 U.S.C. § 1412(a)(10)(C)(iii) (emphasis added). It is already established that the Shipleys failed to provide notice prior to removal of their son from public school.

According to Defendants' position, Plaintiffs' failure to provide notice bars their claim for tuition reimbursement for the entire 2007-2008 school year but not for subsequent years. (Defs.' Mem. at 2-3.) This distinction is not supported by the language of the statute or the Defendants' sole case citation, a First Circuit case. (*See id.* (citing *Greenland Sch. Dist. v. Amy N.*, 358 F.3d 150, 160 (1st Cir. 2004)).) In *Greenland*, the First Circuit determined that plaintiff-parents were not eligible for reimbursement because they did not provide notice prior to removal of their daughter from fifth grade at public school *and* they had never requested an evaluation or sought an IEP for their daughter while she attended public school. 358 F.3d at 159-160. The second factor seemed to weigh heavily in the Court's analysis, and it is not present here. *See D.L. and K.L. v. Springfield Bd. of Educ.*, 536 F. Supp. 2d. 534, 539 (D.N.J. 2008) ("The First Circuit's decision [in *Greenland*] turns on the fact that [the parents] did not provide [the school] with any notice, while [their daughter] attended that school, of a need for special education services."); *see also Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 374-76 (2nd Cir. 2006) (observing that the First Circuit in *Greenland* relied primarily on 20 U.S.C. § 1412(a)(10)(C)(ii)); *Ashland Sch. Dist. v. Parents of Student E.H.*, 583 F. Supp. 2d 1220, 1227 (D. Or. 2008) (describing *Greenland* as "not on point" in a situation analogous to the one at issue here).

The language of the statute supports my initial holding that the Shiplers are not barred from obtaining reimbursement for tuition expenses accrued after December 14, 2007 as a matter of law. First, the denial of reimbursement is discretionary under the statute—it "*may* be reduced or denied." *See Ashland*, 583 F. Supp.2d at 1226 ("Use of the word 'may' rather than 'shall' denotes that this denial or reduction is discretionary."); *see also Nein v. Greater Clark County Sch. Corp.*, 95 F. Supp. 2d 961, 984 (S.D. Ind. 2000) (noting that reduction or denial of reimbursement is discretionary). The equities of such denial or reduction in reimbursement are

altered for the period after which the Shiplers provided notice, so the ALJ should evaluate that period independently.  Second, there is no indication from the statute or binding case law that failure to provide notice bars reimbursement for the entire school year.  In fact, many courts have decided that some reimbursement may be appropriate when parents provided notice after removing their child from public school, as happened here.  *See, e.g.*, *Ashland*, 583 F. Supp. 2d at 1227 (finding that the statute "does not categorically prohibit awarding reimbursement to Parents due to their failure to comply with the notice requirement"); *Erin K. v. Naperville Sch. Dist. No. 203*, No. 08 C 6997, 2009 WL 3271954,*4 (N.D. Ill. Oct. 6, 2009) (holding that reimbursement may be reduced but should not be automatically denied as a matter of law when proper notice is not given); *Nein*, 95 F. Supp. 2d at 984 (finding a compromise of reimbursing half of expenses equitable when parents failed to give proper notice); *Petway v. District of Columbia*, No. Civ. A. 03-1673, Civ. A. 03-1675 AK, 2005 WL 3276349,*11 (D.D.C. Aug. 10, 2005) (finding that parents who failed to provide timely noticed were entitled to reimbursement beginning ten days after they provided notice).  The ALJ has discretion to award reimbursement for the period after the Shiplers provided proper notice.

    For these reasons, Defendants' motion for reconsideration is denied.  A separate order to that effect is being entered herewith.


DATE:  <u>11/30/2009</u>       <u>  /s/                </u>

                                              J. Frederick Motz

                                              United States District Judge